COURT OF
APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 2-10-127-CV

 

 

JASMINE
 MONTGOMERY                                                                 APPELLANT

 

V.

 

WANDA
 MATUCCI                                                                               
 
 APPELLEE

 

------------

FROM THE 393RD DISTRICT COURT OF DENTON
COUNTY

------------

MEMORANDUM OPINION[1]

------------

          Appellant Jasmine Montgomery attempts
to appeal from the trial court’s “Order On Plaintiff’s Affidavit Of Inability
To Pay Costs,” in which the trial court denied her request for a waiver of the costs
for filing a suit in the trial court.  In
a letter dated May 10, 2010, we notified Montgomery that we were concerned that
we might not have jurisdiction over this appeal because the order she was
attempting to appeal from does not appear to be a final judgment or appealable
interlocutory order.  We stated that
unless Montgomery or any party desiring to continue the appeal filed a response
showing grounds for continuing the appeal on or before May 20, 2010, the appeal
could be dismissed for want of jurisdiction. 
See Tex. R. App. P. 42.3(a),
44.3.  Montgomery filed a response that
does not show grounds for continuing this appeal. 

          The general rule, with a few
exceptions, is that an appeal may be taken only from a final judgment.  Lehmann
v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001).  Interlocutory orders may be appealed only if
allowed by statute.  Bally Total Fitness Corp. v. Jackson, 53 S.W.3d 352, 352 (Tex.
2001).  The trial court’s order refusing
to waive the costs based on Montgomery’s affidavit is an interlocutory order.  Montgomery cites no authority, and we have
found none, providing for an interlocutory appeal to be taken from the trial
court’s interlocutory indigency order.  See generally Tex. Civ. Prac. & Rem.
Code Ann. § 51.014(a) (Vernon
2008).  We thus lack subject matter
jurisdiction over the interlocutory indigency order that Montgomery attempts to
appeal.  See Aguilar v. Tex. La Fiesta Auto Sales LLC, No. 01-08-00653-CV,
2009 WL 1562838, at *1–2 (Tex. App.––Houston [1st Dist.] June 4, 2009, no pet.)
(mem. op.) (dismissing appeal of interlocutory order sustaining challenge to
indigency affidavit).

           Because Montgomery’s complaints do not concern
a final judgment or appealable order, we dismiss her appeal for lack of
jurisdiction.  See Tex. R. App. P. 42.3(a), 43.2(f).

SUE
WALKER

JUSTICE

 

PANEL:  WALKER, MCCOY, and MEIER, JJ.

DELIVERED:  August 5, 2010

 











[1]See Tex. R. App. P. 47.4.